**BRIAN T. DUNN, ESQ. (SBN 176502)**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com

Attorneys for Counter-Defendants Dunn Law, APC,
Brian T. Dunn, and Joseph Barrett

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Cochran Firm, P.C., <br><br> Plaintiff, <br><br> v. <br><br> Randy H. McMurray, P.C., et al., <br><br> Defendants. <br><br>_____ <br><br> Randy H. McMurray, P.C., et al. <br><br> Counter-Claimants, <br><br> v. <br><br> The Cochran Firm P.C., et al. <br><br> Counter-Defendants. | **CASE NO.: CV12-05868-SJO (MRWx)** <br><br> [Assigned for all purposes to the Hon. S. James Otero, U.S. District Court Judge] <br><br> **COUNTER-DEFENDANTS DUNN LAW, APC, BRIAN T. DUNN, AND JOSEPH BARRETT'S REPLY TO COUNTER-CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTER-DEFENDANTS DUNN LAW, APC, BRIAN T. DUNN, AND JOSEPH BARRETT'S MOTION TO DISMISS** <br><br> Hearing <br> Date: May 20, 2013 <br> Time: 10:00 a.m. <br> Courtroom: 1 |

−0−

I.  **MCMURRAY SHOULD NOT BE PERMITTED TO SUBVERT THE PAGE LIMITATION ON HIS AMENDED COUNTERCLAIMS VIA ALLEGATIONS OF ADDITIONAL FACTS IN HIS AMENDED RICO CASE STATEMENT**

On March 20, 2013, this Court struck Randy H. McMurray, P.C. and Randy H. McMurray's (collectively, "McMurray") initial counterclaims *sua sponte* and ordered him to allege his amended counterclaims ("AC") in fifty pages or less and file a RICO Case Statement. (*See* Docket No. 124.)  McMurray now asks the Court to disregard the page limitation set forth in the March 20 Order and read the additional facts alleged in the ARCS into the AC.  This Court previously ruled that McMurray's "prolix" initial counterclaims did not comply with Rule 8 of the Federal Rules of Civil Procedure. (*Id.*)  While the 50-page AC complies with the Court's page limitation, reading the 40-page ARCS into the AC effectively turns a 50-page document into a 90-page document.  If a 73-page pleading is prolix and violative of Rule 8, a *90-page pleading* is no better.  The Court should not permit McMurray to subvert its page limitation by considering facts alleged *only* in the ARCS in conjunction with the facts alleged in the AC.

McMurray cites cases from the Connecticut, New York, and Pennsylvania District Courts which state that RICO Case Statements may or must be considered along with the complaint where a motion to dismiss is pending.  Not only are those cases not binding on this Court, none of the plaintiffs in those cases were subject to a page limitation.  Moreover, McMurray ignores decisions of district courts *in this state* discussing the proper treatment of facts pleaded only in a RICO Case Statement and not in the complaint itself. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Litig.*, 826 F. Supp. 2d 1180, 1199 (C.D. Cal. 2011) ("Plaintiffs' allegations regarding their RICO claims are set forth in the SAC and their RICO case statement ("RCS") . . . Where the RCS and the SAC differ, the Court relies upon the allegations set forth in the SAC because it is the

operative pleading."); *see also Ricotta v. California*, 4 F. Supp. 2d 961, 977 (S.D. Cal. 1998) ("The Court reviewed the [RICO] Case Statement and the Amended Complaint simultaneously and found them virtually identical. Plaintiff did not use the RICO case statement to provide the Defendants and this Court with additional facts that were not asserted in his Amended Complaint."). In accordance with the above-cited California decisions, to the extent McMurray's AC and ARCS differ, or to the extent that the ARCS pleads additional facts not pleaded in the AC, the Court should rely on the allegations in the AC, the operative pleading.

## II. EVEN IF THE AC AND ARCS ARE CONSIDERED TOGETHER, MCMURRAY FAILS TO ADEQUATELY PLEAD RICO VIOLATIONS

Even if the Court is inclined to read the additional and/or more particularly alleged facts in the ARCS into the AC, McMurray's AC and ARCS still collectively fail to adequately plead RICO violations.

### A. The AC and ARCS Fail to Adequately Plead the Allegedly Fraudulent Nature of the Purported Predicate Racketeering Acts

The ARCS suffers from the same deficiencies as the AC with respect to allegations and exhibits that contradict McMurray's claim that a particular representation or non-disclosure was fraudulent, and the ARCS similarly fails to adequately allege how a particular representation or non-disclosure was fraudulent. Part III.C of McMurray's opposition either misstates Counter-Defendants' arguments regarding these deficiencies or fails to address them, and merely concludes that they "rest entirely on Counterdefendants' interpretations of the facts and pose questions of fact not fit for adjudication on a rule 12(b)(6) motion." It is well settled that this Court, in determining whether the AC and ACRS state a plausible claim to relief for a fraud-based RICO claim, need not accept "conclusory allegations of law" or make "unwarranted inferences." *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). McMurray's failure to address the contradictions, inconsistencies, and inadequacies in the AC and ARCS justifies

dismissal of his RICO claim.

### B. The AC and ARCS Do Not Plead Injury to McMurray's Business or Property Proximately Caused by Any Purported Predicate Act

Initially, McMurray's assertion that RICO does not require a "concrete financial loss" is wholly lacking in merit.  18 U.S.C. § 1964(c) may not include the words "concrete financial loss," but Ninth Circuit case law interpreting that statute requires a RICO plaintiff to show an actual, concrete financial loss. *See, e.g.*, *Ahn v. Hanil Dev., Inc.*, 471 F. App'x 615, 617 (9th Cir. 2012); *S.F. Bay Area Rapid Transit Dist. v. Spencer*, 358 F. App'x 793, 795 (9th Cir. 2009); *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086-87 (9th Cir. 2002). What is more, rather than refuting Counter-Defendants' argument that the injuries McMurray alleges do not constitute actual, concrete financial losses, McMurray merely restates those purported injuries in his Opposition, claims they constitute concrete financial losses, and provides no authority in support of that claim.  RICO requires McMurray to plead a cognizable RICO injury.  He has not pleaded any such injury, nor can he, for the reasons discussed in Part II.C of Counter-Defendants' Motion to Dismiss.

In the Ninth Circuit, compensable RICO injuries are those which constitute harm to a specific business or property interest, if the business or property interest is cognizable under state law. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir. 2008). McMurray claims he has a direct, actionable interest in TCFLA-GP under California Corporations Code Section 16401, subdivisions (a)(1), (b), and (e). But McMurray's interest in TCFLA-GP is governed by TCFLA-GP's operative partnership agreement, not the default provisions of the Corporations Code. *See* Cal. Corp. Code § 16103(a). And, as discussed in Part II.C of Counter-Defendants' Motion to Dismiss, McMurray may yet recoup the capital contributions and (unreimbursed) loans he provided to TCFLA-GP under the terms of TCFLA-GP's operative partnership agreement at the accounting in the state court proceedings. As for post-dissolution profits earned in former TCFLA-GP cases,

prior to initiating the dissolution of his former partnership by suing it and his former partners, McMurray *waived any and all interest* in those profits when he signed the operative partnership agreement and thereby agreed to a "Jewel Waiver" that is potentially subject to an exception benefitting *only* TCFLA-GP, not its former partners or their shareholders. The alleged injuries to McMurray's business or property have either yet to occur, or are not injuries to *his* business or property.

McMurray additionally relies on *Newcal Industries, Inc.* for the proposition that a court can never determine the sufficiency of allegations of proximate cause on a Rule 12(b)(6) motion, yet ignores the abundance of United States Supreme Court and Ninth Circuit precedent dismissing RICO claims that do not adequately plead proximate causation. *See, e.g.*, *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453, 461 (2006); *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 771 (9th Cir. 2002). McMurray's arguments regarding the pleading of proximate cause and injury are not well taken and should be rejected.

### C. McMurray's Argument That the Purported Fraud-Based Predicate Acts Are Part of a Pattern of Racketeering Activity Lacks Merit

Counter-Defendants stand by the arguments regarding relatedness and continuity set forth in Part II.D of their Motion to Dismiss. In terms of relatedness, it remains the case that the purported predicate acts described in the AC and ARCS were allegedly perpetrated through different and distinct methods of commission (oral or written representations and non-disclosures, as well as conduct), by different participants (either Plaintiff's national partners, or partners and employees of local Cochran Firm offices), for different purposes (either avoiding legal malpractice liability or obtaining control of the assets of a local Cochran Firm office), and resulted in alleged injuries to different victims (attorneys, clients, creditors, and government agencies). As for continuity, the above-described lack of relatedness precludes any possibility of closed-ended continuity, and the allegations concerning the "false" advertising of "The Cochran Firm" and the "trademark scheme," on

which McMurray relies in arguing there is open-ended continuity, are based on arguments this Court rejected in granting Plaintiff's Motion for a Preliminary Injunction. (*See* Docket No. 102.)

## III. THE COURT SHOULD REMAND THE STATE LAW CLAIMS ALLEGED AGAINST THESE COUNTER-DEFENDANTS BECAUSE THEY ARE NOT INDISPENSABLE PARTIES

On September 7, 2012, this Court ruled that Dunn and Barrett were not indispensable parties in the litigation between Plaintiff and McMurray. (*See* Docket No. 23.) Despite this ruling, McMurray continues to maintain that Dunn and Barrett, and now Dunn Law, APC, are indispensable parties, and thus remand of the state law-based counterclaims to the pending state court judicial reference proceeding would be improper. In support of this contention, McMurray relies on Plaintiff's Opposition to McMurray's Rule 12(b)(7) motion, (*see* Docket No. 15), in which Plaintiff argued that McMurray could implead his former partners at TCFLA-GP via a contribution claim. None of the counterclaims alleged in the AC seek contribution from these Counter-Defendants, nor do they seek to implead these Counter-Defendants as potential indemnitors. McMurray's arguments regarding remand of the state law-based counterclaims lack merit and should be rejected.

## IV. CONCLUSION

For all of the foregoing reasons, Counter-Defendants Dunn Law, APC, Brian T. Dunn, and Joseph Barrett respectfully request that the Court grant their Motion to Dismiss in its entirety.

Dated: May 6, 2013               Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ BRIAN T. DUNN
Brian T. Dunn
Attorneys for Counter-Defendants Dunn Law, APC, Brian T. Dunn, and Joseph Barrett

-5-